UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 18-cv-05427-HSG (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at the Correctional Training Facility ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the complaint and attachments thereto, on March 27, 2018, defendant CTF correctional officers Vergara and A. Luna approached plaintiff in the CTF library and used a buccal swab to collect a DNA sample from plaintiff's mouth. Monterey County deputy sheriff T. Rodriguez was also present to enforce the collection. Plaintiff tried to inform the three officers that his DNA had already been collected previously and showed them his abstract of judgment from his criminal case as proof that he was not required to submit to DNA collection. The officers nonetheless informed him that the collection was mandatory and proceeded to take the sample.

Plaintiff contends that his Fourth Amendment rights were violated because the sample was taken without his consent, without probable cause, and without a warrant or court order. Using a swab on the inner tissues of a person's cheek to obtain DNA samples is a search under the Fourth Amendment. *Maryland v. King*, 569 U.S. 435, 446 (2013). Liberally construed, the complaint states a cognizable Fourth Amendment claim. *See Ellis v. City of San Diego*, 176 F.3d 1183, 1191-92 (9th Cir. 1999) (noting that warrantless compulsory blood and/or urine test is an unreasonable search under the Fourth Amendment unless supported by both probable cause and

2

exigent circumstances and, even if the search meets these criteria, it is still unreasonable if the degree of force employed to carry it out is excessive); *see also Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 616 (1989) (the non-consensual extraction of blood implicates the Fourth Amendment's protection against unreasonable searches and seizures).

Plaintiff also contends that his Eighth Amendment rights were violated because the sample was taken through use of force. The Eighth Amendment applies to claims of excessive force used against convicted prisoners. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 6-7; *Whitley*, 475 U.S. at 320-21. The Eighth Amendment's prohibition on cruel and unusual punishment is not violated by the use of reasonable force to take a DNA sample from a prisoner. *See Hamilton v. Brown,* 630 F.3d 889, 897 (9th Cir. 2011). Here, plaintiff has not alleged any facts suggesting that the method in which the DNA sample was taken was administered in an unreasonable manner. Accordingly, plaintiff's Eighth Amendment claim will be dismissed. However, plaintiff will be given an opportunity to amend his Eighth Amendment claim if he can do so in good faith. In his amended complaint, plaintiff must "set forth specific facts" regarding what Vergara, Luna, and/or Rodriguez did or did not do to violate his Eighth Amendment right to be free from cruel and unusual punishment. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In the alternative, should plaintiff discover that he cannot amend his Eighth Amendment claim, he may notify the Court that he wishes to proceed only on the Fourth Amendment claim found above.

Plaintiff also names as defendants the California Department of Corrections and Rehabilitation ("CDCR"), CDCR Secretary Scott Kernan, CTF warden Craig Koenig, Monterey County Sheriff Steve Bernal, and the Monterey County Sheriff's Office. As to the CDCR, the Eleventh Amendment bars suits against a state agency. *See, e.g., Brown v. Cal. Dep't of Corrs.*,

3

554 F.3d 747, 752 (9th Cir. 2009) (CDCR and California Board of Prison Terms are entitled to Eleventh Amendment immunity). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The waiver must be unequivocally expressed. *See Sossamon v. Texas*, 563 U.S. 277, 284 (2011). Because there is no indication that the state has waived its Eleventh Amendment immunity, or that Congress has overridden it, plaintiff's claim against the CDCR is dismissed without leave to amend.

As to Kernan, Koenig, and Bernal, plaintiff appears to be suing these individuals in their supervisory capacity. Under no circumstances is there respondeat superior liability under Section 1983; or, in layman's terms, under no circumstances is there liability under Section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer*, 844 F.2d at 634. A supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). Plaintiff has failed to provide factual allegations regarding Kernan, Koenig, and/or Bernal's involvement in the deprivation of his constitutional rights that are sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. Plaintiff's claims against Kernan, Koenig, and Bernal are therefore DISMISSED with leave to amend. In his amended complaint, plaintiff may attempt to allege a claim against any or all of the supervisory defendants, if he can do so in good faith. If no claim is alleged, the supervisory defendants will be dismissed.

Similarly, the Monterey County Sheriff's Office, a municipal entity, also cannot be held liable on a respondeat superior theory, or on the theory that it is responsible for the actions of its employees. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (holding

4

municipalities cannot be held liable under Section 1983 based upon respondeat superior theory). However, local governments, such as Monterey, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690. To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not made any such allegations. Accordingly, the claims against the Monterey County Sheriff's Office will be dismissed with leave to amend. In his amended complaint, plaintiff may attempt to allege a claim against the municipal defendant, if he can do so in good faith. If no claim is alleged, the municipal defendant will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint states cognizable Fourth Amendment claim against Vergara, A. Luna, and T. Rodriguez.

2. The CDCR is DISMISSED without leave to amend. The Clerk shall terminate the CDCR as a defendant on the docket in this action.

3. All other claims and defendants are dismissed with leave to amend, as indicated above, within **thirty (30)** days from the date of this order. The pleading must include the caption and civil case number used in this order (18-5427 HSG (PR)) and the words AMENDED COMPLAINT on the first page. The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). This means plaintiff must repeat his Fourth Amendment

5

1 allegations against in the amended complaint if he files an amended complaint.

2     4. If plaintiff does not wish to file an amended complaint, he shall so inform the Court within **thirty (30)** days from the date of this order. Failure to file an amended complaint within the designated time and in compliance with this order will result in the Court proceeding only on the Fourth Amendment claims against defendants Vergara, A. Luna, and T. Rodriguez.

**IT IS SO ORDERED.**

Dated: 10/31/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge