UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERIC GOULD, <br> Plaintiff, <br> v. <br> VERGARA, et al., <br> Defendants. | Case No. 18-cv-05427-HSG <br><br> **ORDER DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME TO OPPOSE SUMMARY JUDGMENT MOTION** <br><br> Re: Dkt. No. 38 |

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has requested appointment of counsel for this case, as well as the other cases that he has pending in this district, the Eastern District of California, and the Central District of California. Plaintiff states that on June 18, 2019, he will be transferred to Orange County Jail which will deny him access to the courts. He states that Orange County Jail does not have a library; that it takes three to four weeks to obtain legal materials; that he is not allowed to bring his legal materials from his current place of incarceration to Orange County Jail; and that Orange County Jail does not have a copy machine and does not allow inmates to have pens or mailers. Plaintiff states that he requires appointment of counsel to ensure that he can properly litigate his cases. For the reasons set forth below, the Court DENIES Plaintiff's request for appointment of counsel without prejudice to re-filing should the circumstances so warrant, and *sua sponte* GRANTS Plaintiff an extension of time to October 23, 2019 to file his opposition to Defendants Luna and Vergara's summary judgment motion.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S.

18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*,113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); *Wilborn*, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel not enough).

Here, it is unclear whether Plaintiff has been transferred to Orange County Jail as the Court has not yet received a change of address notification. It is also unclear the duration of Plaintiff's stay at Orange County Jail. Plaintiff has thus far ably articulated his claims. And it appears that during Plaintiff's stay at Orange County Jail, he will be able to access legal materials by sending out requests even if he will not be able to promptly access the materials. Given the current circumstances, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel at this time. The Court therefore DENIES the request for appointment of counsel without prejudice to renewing if the circumstances so warrant. The Court is mindful of Plaintiff's allegations that he will face a delay in accessing legal materials, and notes that Defendants Luna and Vergara have recently filed a summary judgment motion. Accordingly, the Court *sua sponte* GRANTS Plaintiff an extension of time to September 23, 2019 to file his

opposition to Defendants Luna and Vergara's summary judgment motion. To the extent that Plaintiff is requesting counsel to represent him in other cases, the request is also DENIED because the Court cannot order relief in other cases.

This order terminates Dkt. No. 38.

**IT IS SO ORDERED.**

Dated: 7/23/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge